IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANIBAL ORTIZ, #A1053898, | ) | CIV. NO. 16-00126 DKW/KSC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION AS |
| | ) | TIME-BARRED PURSUANT TO 28 |
| vs. | ) | U.S.C. § 2244(d) AND DENYING |
| | ) | CERTIFICATE OF APPEALABILITY |
| RAYMOND SMITH, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DISMISSING PETITION AS TIME-BARRED
AND DENYING CERTIFICATE OF APPEALABILITY**

Before the court is pro se petitioner Anibal Ortiz's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Ortiz is a Hawaii state prisoner incarcerated at the Lea County Correctional Facility ("LCCF") located in Hobbs, New Mexico.

Ortiz challenges his judgment of conviction and sentence imposed by the Circuit Court of the First Circuit, State of Hawaii ("circuit court") in *State v. Ortiz*, Cr. No. 1PC03-1-000036, for Murder in the Second Degree (Count One), Carrying, Using or Threatening to Use a Firearm in the Commission of a Felony (Count Two), and Place to Keep Pistol or Revolver (Count Three). *See* Pet., ECF No. 1; http://hoohiki.courts.hawaii.gov/#/case?caseId=1PC031000036 ("Ho`ohiki") (last visited Oct. 15, 2016).

Respondent argues that Ortiz's claims are time-barred pursuant to 28 U.S.C. § 2244(d)(1).  Prelim. Resp., ECF No. 8; Mem. Addressing Pet'rs Access to Legal Services, ECF Nos. 12, 12-1 through 12-5.  Ortiz asserts that he is entitled to equitable tolling of the statute of limitation based on his actual innocence and his 2014 transfer to and current confinement in New Mexico.  *See* Pet'r Ex Parte Mot. ECF Nos. 9, 9-1 to 9-11; Pet'r Opposed Reply to States Prelim. Answer, ECF Nos. 13, 13-1 to 13-10; Supp. Mem., ECF Nos. 14, 14-1 to 14-23.  After careful consideration of the entire record, the court DISMISSES the Petition with prejudice as untimely.  Any request for a certificate of appealability ("COA") is DENIED.

## I. BACKGROUND

On September 24, 2003, Ortiz was sentenced to life with the possibility of parole for Count One, twenty years imprisonment for Count Two, and ten years imprisonment for Count Three, each term to run concurrently.  Pet., ECF No. 1; Resp't Ex. A, ECF No. 8-2.

Ortiz was incarcerated in Hawaii in Department of Public Safety ("DPS") facilities between December 31, 2002, and June 22, 2004.  Komori Dec., ECF No. 12, PageID #179.  On June 23, 2004, Ortiz was transferred to the Tallahatchie County Correctional Facility ("TCCF"), located in Tutwiler, Mississippi, pursuant

to a contract between DPS and the Corrections Corporation of America ("CCA"). *Id.*

On December 5, 2005, the Hawaii Intermediate Court of Appeal ("ICA") affirmed Ortiz's convictions and sentences by Summary Disposition Order. Resp't Ex. A, ECF No. 8-2. The Hawaii Supreme Court rejected certiorari on January 17, 2006. Resp't Ex. B, ECF No. 8-3. Notice and Judgment on Appeal was filed on February 1, 2006. Resp't Ex. C, ECF No. 8-4.

On or about July 17, 2007, Ortiz was transferred from TCCF to the CCA's Saguaro Correctional Center ("SCC") located in Eloy, Arizona. Komori Dec., ECF No. 12, PageID #179.

On or about September 2, 2010, Ortiz, proceeding pro se, filed his first post-conviction petition to vacate, set aside, or correct judgment pursuant to Rule 40 of the Hawaii Rules of Penal Procedure ("HRPP") ("First Rule 40 Petition"). Resp't Ex. D, ECF No. 8-5. On November 7, 2012, the circuit court denied the First Rule 40 Petition. Resp't Ex. E, ECF No. 8-6. Although Ortiz appealed, on March 27, 2014, the ICA dismissed the appeal for Ortiz's failure to file an opening brief despite having been granted two extensions of time to do so. Resp't Ex. R, ECF No. 8-7 (Order Dismissing Appeal Pursuant to HRAP 30).

On December 27, 2012, Ortiz filed a second pro se Rule 40 petition ("Second Rule 40 Petition"), while the First Rule 40 Petition was pending. Resp't Ex. G, ECF No. 8-8. The circuit court dismissed the Second Rule 40 Petition on February 13, 2013. Resp't Ex. H, ECF No. 8-9. On March 27, 2014, the ICA dismissed Ortiz's appeal in the Second Rule 40 Petition for his failure to file an opening brief, again despite having been granted two extensions of time. Resp't Ex. I, ECF No. 8-10 (Order Dismissing Appeal Pursuant to HRAP 30).

Approximately two months later, on or about May 21, 2014, Ortiz was transferred to the custody of the New Mexico Corrections Department ("NMCD") pursuant to an Interstate Corrections Compact between Hawaii and New Mexico. Komori Dec., ECF No. 12, PageID #179. Since that time, Ortiz has been housed in the Lea County Correctional Center ("LCCC").

On or about January 28, 2015, Ortiz, proceeding pro se, filed a document in the circuit court titled. "Petitioners [sic] Request for His Mittimus and Judgement & Sentence, and a Habeas Corpus Petition with the In Forma Pauperis Forms." *See* ECF No. 14-3. The circuit court acknowledged receipt and notified Ortiz that it had forwarded the document to the Criminal Administrative Division for appropriate review and action. ECF No. 14-2.

On April 28, 2015, Ortiz filed a "Petition for Writ of Habeas Corpus" in the circuit court on New Mexico Form 9-701.  *See* Resp't Ex. J, ECF No. 8-11; Pet'r Ex. D, ECF 14-4 to 14-10.  On June 5, 2015, the circuit court designated this petition as a "Nonconforming Petition for Post-Conviction Relief," and directed Ortiz to complete and submit an HRPP Form A and Form B, which would be considered a Supplemental Petition, on or before August 15, 2015.  Resp't Ex. K, ECF No. 8-12.

On September 15, 2015, Ortiz wrote *this* Court, requesting "the State of Hawai`i Writ of Habeas Corpus Petition," and an in forma pauperis application. Pet'r Ex. W, ECF. No. 14-23.  Ortiz stated, "the state of New Mexico does not provide any other states forms, nor caselaw citations."  *Id.*  The Office of the Clerk apparently sent Ortiz a blank federal "Petition Under 28 U.S.C. § 2241 For A Writ of Habeas Corpus" form because Ortiz wrote back on October 4, 2015, requesting instead, a "Petition Under 28 U.S.C. § 2254 For A Writ of Habeas Corpus By A Person In State Custody" form.  *See* Resp't Ex. X, ECF No. 8-25.

On November 6, 2015, the circuit court dismissed Ortiz's nonconforming petition for his failure to timely file a Supplemental Petition.  Resp't Ex. L, ECF No. 8-13.  Ortiz did not appeal and the time for doing so has expired.  *See* HRAP 4(a)(1) (stating the notice of appeal shall be filed within 30 days after entry of

judgment or appealable order); *see also* Ho`ohiki, *Ortiz v. State*, 1PR15-1-00008, Doc. No. 12.

Ortiz signed the instant Petition on March 15, 2016, and it was filed on March 18, 2016. Pet., ECF No. 1. On March 24, 2016, the Preliminary Order to Show Cause and Answer was issued. ECF No. 4. Respondent and Ortiz have filed their responses and supplemental memoranda, and the record is complete.

## II.  28 U.S.C. § 2244

Ortiz's claims are governed by the one-year limitation period set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).

**A.     Statutory Tolling**

Under § 2244(d)(1), the one-year limitation period runs from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) tolls the limitation period while a "properly filed" state post-conviction petition is pending.

**B.** **Equitable Tolling**

A petitioner may also be entitled to equitable tolling of the limitation period upon a showing of extraordinary circumstances. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Extraordinary circumstances requires the petitioner to establish two elements: (1) "'that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Gibbs v. Legrand*, 767 F.3d 879, 884-85 (9th Cir. 2014); *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citations omitted).

Equitable tolling is available only when "'extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time'" and "'the extraordinary circumstances' were the cause of [the prisoner's] untimeliness." *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010) (emphasis in original) (quoting

*Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (further quotations omitted)). "[E]quitable tolling is 'unavailable in most cases'. . . . Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted).

Once a district court notifies a petitioner that his petition is "subject to dismissal based on AEDPA's statute of limitations and the record indicate[s] that [the] petition fell outside the one-year time period," the petitioner has the burden of demonstrating that he is entitled to tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), *abrogated on other grounds by Pace*, 544 U.S. at 418; *see also Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010).

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

### III. DISCUSSION

Ortiz's conviction became final ninety days after his direct appeal concluded and the time for seeking certiorari with the United States Supreme Court expired. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that the period of

"direct review" after which state conviction becomes final for purposes of section 2244(d)(1) includes the 90-day period for filing a petition for certiorari in the United States Supreme Court). Consequently, the statute of limitation began to run on Ortiz's conviction on May 3, 2006, and expired one year later on **May 3, 2007**. *See* 28 U.S.C. § 2244(d); *see also Patterson v. Stewart*, 251 F.3d 1243 (9th Cir. 2001) (using the anniversary date method for calculating the statute of limitations). Unless Ortiz is entitled to an alternative date for commencement of the statute of limitation, via statutory or equitable tolling, the present Petition is time-barred from federal review.

**A.     No Tolling Under 28 U.S.C. § 2244(d)(1)**

Ortiz asserts no statutory bases for tolling the limitation period under § 2244(d)(1). Nor does an independent review of the record reveal such bases. Ortiz filed at least three Rule 40 petitions, undercutting any assertion that a State-created impediment prevented him from timely filing a *federal* habeas petition. *See* 28 U.S.C. § 2244(d)(1)(B); *see also Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009) (holding delayed accrual under subsection (d)(1)(B) is available only if the impediment prevented petitioner "from presenting his claims in any form, to any court") (emphases omitted).

Ortiz asserts no claim based on a "newly recognized" constitutional right that has been made retroactive on collateral review by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C); *see also Dodd v. United States*, 545 U.S. 353, 360 (2005) (construing identical language in section 2255 as expressing "clear" congressional intent that delayed accrual inapplicable unless the United States Supreme Court itself has made new rule retroactive). Similarly, Ortiz sets forth nothing that can be considered a newly discovered factual predicate in his case. *See* 28 U.S.C. § 2244(d)(1)(D). Statutory tolling under § 2244(d)(1) does not apply.

**B.     No Tolling Under 28 U.S.C. § 2244(d)(2)**

To the extent Ortiz argues that the statute of limitation was tolled under § 2244(d)(2) during the pendency of his three HRPP Rule 40 Petitions, he is mistaken.

The filing of a state post-conviction petition years after the statute of limitation has expired does not revive the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that once the statute of limitation has run, a state habeas petition cannot revive it); *Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) (same). Ortiz did not file any state post-conviction petition until September 2, 2010, more than three years after the

limitation period had expired on May 3, 2007. *See* Resp't Ex. D, ECF No. 8-5. Ortiz is not entitled to tolling of the statute of limitation under § 2244(d)(2).

**C.    Equitable Tolling**

Ortiz first argues that he is actually innocent, which he alleges is sufficient to equitably toll the statute of limitation on his claims. A petitioner may overcome the statute of limitation's bar to his claims if he is able to show that he is actually innocent of his underlying criminal conduct. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). In *McQuiggin*, the Supreme Court underscored that such an exception "applies to a severely confined category: cases in which *new evidence* shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 1933 (emphasis added) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "Without any new evidence of innocence, even the existence of a . . . meritorious constitutional violation is not sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316.

To be entitled to equitable tolling, a petitioner must therefore demonstrate that he "is innocent of the charge for which he is incarcerated." *Gandarela v. Johnson*, 286 F.3d. 1080, 1085 (9th Cir. 2001) (citing *Schlup*, 513 U.S. at 321). Actual innocence means factual innocence, not legal insufficiency. *See Bousley v.*

*United States*, 523 U.S. 538, 559 (1998); *see also Sawyer v. Whitley*, 505 U.S. 333, 340 (1992) (A "prototypical example" of actual innocence "is the case where the State has convicted the wrong person of the crime."); *Johnson v. Knowles*, 541 F.3d 933, 937-38 (9th Cir. 2008) ("the miscarriage of justice exception is limited to those extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt.").

Thus, *McQuiggin* extended the actual innocence exception to the statute of limitation bar only insofar as untimely petitioners can demonstrate that in light of new evidence, it is more likely than not that no reasonable juror would have convicted them. 133 S. Ct. at 1928; *Schlup*, 513 U.S. at 324 (stating, "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.").

Ortiz raises thirteen grounds for relief. *See* Pet., ECF No. 1, PageID #5-15. The first twelve concern issues that occurred during trial. Ortiz alleges: (1) Insufficient evidence was introduced to convict him (Ground One); (2) Improper hearsay testimony was admitted (Ground Two); (3) Ineffective assistance of trial and appellate counsel based on counsels' inexperience defending an innocent

person and disagreements with Ortiz (Ground Three); (4) Exculpatory evidence was withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) (Ground Four); (5) Evidence was obtained in violation of the Fourth Amendment (Grounds Five and Six); (6) Ortiz was shackled throughout the trial (Ground Seven); (7) The State commented on Ortiz's refusal to testify (Ground Eight); (8) violation of the Confrontation Clause (Ground Nine); (9) Prosecutorial misconduct (Ground Ten); (10) Judicial misconduct (Ground Eleven); (11) Actual innocence (Ground Twelve). *See* Pet., ECF No. 1, PageID #5-15. Ortiz's final claim argues that his sentence violates his right to due process (Ground Thirteen).

None of these claims constitute newly discovered evidence. The facts underlying each of these claims have been known to Ortiz since trial, sentencing, or on direct appeal. That is, since no later than 2006. Moreover, none of these claims support a finding of factual innocence, as opposed to alleged legal insufficiencies. *McQuiggen*'s actual innocence exception to § 2244(d)'s statute of limitation does not apply to Ortiz's claims.

Ortiz also appears to argue that he had difficulty obtaining Hawaii court forms and case law once he was transferred to New Mexico, suggesting this entitles him to equitable tolling of the statute of limitation. Ortiz was not transferred to New Mexico until May 2014, approximately seven years after the

statute of limitation had expired on his claims. He was able to file at least two Rule 40 petitions in the state court before he was transferred. He filed another Rule 40 petition and two letters to this court after his transfer. Clearly, his transfer to New Mexico does not constitute an extraordinary circumstance warranting equitable tolling of the statute of limitation. Ortiz has not carried his burden of showing that he diligently pursued his rights or that extraordinary circumstances beyond his control prevented him from filing his claims within the statute of limitation.

Ortiz is not entitled to equitable or statutory relief from the statute of limitation. His Petition is time-barred and is DISMISSED with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. When a claim is dismissed on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Ortiz fails to make any showing that a reasonable jurist would find

the dismissal of this Petition as time-barred is either debatable or wrong. Consequently, no certificate of appealability is warranted.

## V.  CONCLUSION

The Petition is DISMISSED with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d).  A certificate of appealability is DENIED.  The Clerk of Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: October 19, 2016 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

*Anibal Ortiz v. Raymond Smith*; Civil No. 16-00126 DKW KSC; **ORDER DISMISSING PETITION AS TIME-BARRED PURSUANT TO 28 U.S.C. § 2244(d) AND DENYING CERTIFICATE OF APPEALABILITY**

*Ortiz v. Hawaii,* 1:16-cv-00126 DKW/KSC; OSC 2016; Ortiz 16-126 dkw (sol)